**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HOLYOKE WATER POWER COMPANY, Respondent.**

No. 85–1226.

United States Court of Appeals, First Circuit.

Heard Sept. 11, 1985.

Decided May 13, 1986.

Linda Dreeben, with whom Rosemary M. Collyer, General Counsel, John E. Higgins, Jr., Deputy General Counsel, Robert E. Allen, Associate General Counsel, and Elliott Moore, Deputy Associate General Counsel, Washington, D.C., were on brief, for petitioner.

Jason Berger, P.C., with whom Peabody & Brown, Boston, Mass., was on brief, for respondent.

James O. Hall, Boston, Mass., for intervenor.

Donald R. Crowell, II, Linda E. Rosenzweig, Pepper, Hamilton & Scheetz, Stephen A. Bokat, Washington, D.C., and National Chamber Litigation Center, Inc., on brief, for Chambers of Commerce of the U.S., amicus curiae.

Michael H. Gottesman, Jeremiah A. Collins, David M. Silberman, Laurence Gold and Laurence Cohen, Washington, D.C., on brief, for American Federation of Labor and Congress of Indus. Organizations, amicus curiae.

Before COFFIN, Circuit Judge, ALDRICH, Senior Circuit Judge and WISDOM, Senior Circuit Judge of the Fifth Circuit, sitting by designation.

MEMORANDUM AND ORDER

On the basis of the papers, the court adjudges respondent, Holyoke Water Power Company, in contempt of the National Labor Relations Board's order of January 11, 1985, ordered enforced by this court on November 27, 1985, 778 F.2d 49. The mandate having been neither withdrawn nor stayed, said order is in full force and effect, regardless of respondent's unilateral action in seeking certiorari. In fact, even if the Court should grant certiorari, the order would remain in effect, absent an order from that Court, or this one. Respondent company may purge itself of contempt only by,

(a) Fully complying with each and every provision of the judgment of 27 November 1985, and taking all the actions prescribed by of the Board's order thereby enforced;

(b) Immediately on request, granting access by an industrial hygenist designated by the Union, to the FD fan room for a reasonable period sufficient to permit the hygenist to fully observe and survey noise level hazards.

(c) Immediately signing and posting at the Company's place of business copies of the "notice to employees" which is annexed to the Board's order enforced by the judgment, said signing and posting to be in accordance with the directions set forth in the enforced order;

(d) Immediately reproducing at the Company's own expense and posting in conspicuous places where notices to employees customarily are posted, (to remain for a period of sixty (60) consecutive days), copies of the contempt adjudication and of a notice in the form provided by the Board and signed by a representative of Respondent which states that the Respondent has been adjudicated in civil contempt of court for violating, disobeying, failing and refusing to comply with the judgment of this Court and that it will take the actions in purgation ordered by the Court. Said notices and copies of the contempt adjudication shall be maintained in clearly legible condition throughout such posting period, and the Respondent shall assure that they are not altered, defaced or covered by any other material;

(e) Mailing to each of its current employees and all former employees who were employed by the Company since the entry of the Court's decree of 27 November 1985, a copy of the aforesaid signed notices and of the contempt adjudication and providing the Board's Regional Director with proof of such mailing;

(f) Filing a sworn statement with the Clerk of this Court and a copy thereof with the Director of the Board's First Region within ten (10) days after the entry of adjudication and again at the end of the posting period showing what steps have been taken by the Company to comply with the Court's direction.

If compliance has not been fully initiated within ten (10) days of this order, for every day of non-compliance thereafter, respondent, and any officer thereof responsible, shall be fined in the amount of one hundred dollars ($100.) per day that such violation continues currently, and shall, in any event, be required to reimburse the Board for costs and expenses, etc., presently incurred as per subparagraph 2(g) of the Board's motion.

The Board shall be permitted .discovery, as per paragraph 4 of its motion.